■ In the Matter of WDF, INC., Appellant. COMMISSIONER OF LABOR, Respondent. [852 NYS2d 399]—

Spain, J. Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 24, 2006, which ruled that the removal of WDF, Inc. from a joint account could not become effective until December 31, 2006.

On January 1, 2003, a joint account was created for a number of wholly owned subsidiaries of KeySpan Corporation, including WDF, Inc. In April 2004, four additional employers were added and the tax rate was revised effective January 1, 2004. On February 11, 2005, KeySpan sold all of its WDF stock and, thereafter, WDF applied for removal from the joint account as of that date. The Commissioner of Labor denied the application explaining that the earliest dissolution date for the joint account was December 31, 2006. Upon WDF's appeal, an Administrative Law Judge modified the initial determination, finding that the joint account could be dissolved as of January 1, 2006. The

Commissioner appealed that determination to the Board which reversed, ruling that WDF could not be removed from the joint account until December 31, 2006. WDF now appeals to this Court.

Pursuant to Labor Law § 581 (3), a joint account is established by the merger of two or more employers' accounts in a single account, which is maintained as if it constituted a single employer's account. "Each employer in that account is assigned a rate of contribution to the unemployment insurance fund computed on the basis of the past joint experience of all members, rather than his [or her] own individual experience" (*Matter of New York Press Assn. [Catherwood]*, 29 AD2d 787, 787 [1968], *lv denied* 21 NY2d 645 [1968]). The regulations pertaining to joint accounts were amended in 1967 to prohibit employers from dissolving the accounts at the end of each year and each joint account established after January 1, 1968 was required to continue for at least three years before dissolution (*see id.* at 788). A subsequent amendment in 1974 reduced the required period to two years, the regulation now providing that "a joint account shall be established for a period which begins with the calendar quarter in which the application is filed and includes at least the two calendar years following the year in which the application is filed" (12 NYCRR 481.1 [a]). The rate of contribution applicable to the account is computed "as of the computation date in the preceding calendar year, and such rate shall apply from the first day of the calendar quarter in which the application is made to the end of that calendar year" (12 NYCRR 481.1 [a]). The "[c]omputation date" is defined by the Labor Law as "December thirty-first of any year" (Labor Law § 581 [1] [a]).

When a new employer or employers are added to a joint account, the regulations provide that "the existing joint account shall for the purposes of establishing a *new* joint account be considered as though it were a single employer and the conditions governing the establishment of the joint account prescribed in subdivision (a) of this section shall apply" (12 NYCRR 481.1 [b] [emphasis added]). Thus, pursuant to both the Labor Law and its attendant regulations, the addition of new employers to a joint account constitutes establishment of a new joint account, which is subject to the requirements of 12 NYCRR 481.1 (a) and (b).

In this case, although the joint account including WDF was established in 2003, the addition of four employers in March 2004 effectively created a new joint account which, pursuant to Labor Law § 581 (3) and 12 NYCRR 481.1 (a) and (b), was

required to be maintained through the following two calendar years. The regulations provide that an application for dissolution may be filed "not earlier than in the second calendar year following the year in which the joint account was established" (12 NYCRR 481.1 [c]), which in this case would be January 1, 2006 at the earliest. However, they also require that after such an application is made, an account balance be established for each of the employers in the joint account on the basis of its individual experience as of the computation date in the calendar year in which the application is made (*see* 12 NYCRR 481.1 [c] [1]). Thus, the filing date for an application for dissolution and the effective date of such dissolution are not the same. Accordingly, the Board properly concluded that the joint account could not be dissolved, and the individual employer's rates of contribution could not be redetermined, until December 31, 2006.

Mercure, J.P., Rose, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.